UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ARNOLD R. HUSKEY,

Plaintiff,

v.

GUY HALL *et al.*,

Defendants.

Case No. 1:09-cv-01529-CL

ORDER

CLARKE, Magistrate Judge.

On December 31, 2009, Plaintiff Arnold R. Huskey ("Plaintiff"), a self-represented litigant in custody at Oregon State Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2011, Plaintiff filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(ii) (ECF No. 39), and the Court entered judgment dismissing this case with prejudice the next day (ECF No. 40).

1 – ORDER

Eleven years later, on March 9, 2022, Plaintiff filed a motion requesting leave to reopen this case "based on the Defendants' breach of contract [and] breach of trust, upon which the voluntary dismissal of this action was fundamentally based." (Mot. for Leave to Reactivate/Reopen Case (ECF No. 41), at 1.) Specifically, Plaintiff alleges that Defendants are retaliating against him in violation of the parties' settlement agreement by using photographs and "unauthorized video footage of Plaintiff" in Oregon Department of Corrections ("ODOC") training materials for "the sole purpose of . . . creat[ing] and instill[ing] in the minds and opinions of all [ODOC] employees and contractors . . . a negative, highly prejudicial and deleterious opinion of Plaintiff." (Aff. of Arnold R. Huskey in Supp. of Mot. (ECF No. 44) ¶¶ 9-10.)

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Motions for relief from judgment pursuant to Rule 60(b) . . . are addressed to the sound discretion of the district court[.]" *Allmerica Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997). "A motion under Rule 60(b) must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding."[1] Fed. R. Civ. P. 60(c)(1). Plaintiff's motion to reopen this case comes eleven years after entry of judgment and therefore it is untimely.

Furthermore, "[w]hen a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends." *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). "Ordinarily, a dispute arising under a settlement agreement is 'a separate contract dispute requiring its own

---

[1] The one-year period applies to motions filed pursuant to Rule 60(b)(1)-(3).

2 – ORDER

independent basis for jurisdiction.'" *Id.* "Therefore, unless the parties agree that the district retain ancillary jurisdiction to enforce the agreement, and incorporate its stipulated terms into its order of dismissal, the Court lacks the power to enforce the terms of settlement." *Avery v. Beard*, Case No. 3:16-cv-00699-BTM-RNB, 2018 WL 4462163, at *1 (S.D. Cal. Sept. 18, 2018) (citing *Kelly*, 822 F.3d at 1095.) The parties here did not ask the Court to retain jurisdiction to enforce the settlement agreement or incorporate its terms into the stipulation of dismissal. The Court thus lacks jurisdiction to address the Defendants' alleged breach of the settlement agreement.

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's Motion for Leave to Reactivate/Reopen Case (ECF No. 41) and DENIES AS MOOT Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 43) and Motion for Preliminary Injunction (ECF No. 45). IT IS SO ORDERED.

DATED this __4__ day of April, 2022.

                                         MARK D. CLARKE
                                         United States Magistrate Judge